UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS,

        Plaintiff,

vs.

LAFACE RECORDS, et al.,

        Defendants.
_____/

Case No. 99-CV-76405
Case No. 04-73653
HON. GEORGE CARAM STEEH

ORDER DENYING MOTION TO RENEW ORDER
REGARDING DISTRIBUTION OF ATTORNEY FEES [DOC. 293]

     This matter is before the court on Relator Gregory J. Reed and Associates' ("Reed") motion to renew order regarding distribution of attorney fees which was entered on August 30, 2007. The underlying claim stemmed from Rosa Parks' 1999 action against defendants for the alleged unauthorized use of her name in a song entitled "Rosa Parks." After six years of litigation, the parties reached an agreement on the underlying case. On April 14, 2005, the court entered a joint stipulation of dismissal with prejudice. On June 21, 2005, Reed filed a motion for payment of attorney fees, costs and expenses. The root of the dispute was a contingent fee agreement entered into between Reed and Ms.

Parks. Reed subsequently entered into a fee sharing agreement with several other attorneys. The court adopted the fee distribution schedule proposed by the court-appointed Guardian ad Litem (GAL). The court entered sealed orders regarding attorney fees on July 18, 2005 and August 10, 2005 (Doc. 273, 276).

On September 12, 2005, Reed filed a Notice of Appeal in the Sixth Circuit. On October 24, 2005, Ms. Parks died. On July 11, 2007, the Sixth Circuit issued an order finding that the fee sharing agreements between Parks' attorneys should be enforced." On August 30, 2007, this court entered its Order Regarding Distribution of Attorney Fees, noting that the Sixth Circuit's opinion "slightly modifies the distribution of attorney fees ordered by this Court" and ordering that any sums remaining to "be distributed according to the Court's prior order, shall now be distributed according to the Court of Appeals opinion." (Doc. 286). It is the court's understanding that attorney fees have been distributed pursuant to the court's order.

On August 28, 2017, Reed filed a new action in federal court seeking to have the August 30, 2007 Order renewed pursuant to the ten year statute of limitations for a judgment in Michigan. MCL 600.5809(3). The new case (No. 17-12837) was assigned to this court as a companion case.

On September 28, 2017, the court issued an Order directing the Clerk of the Court to close the new case and to file all documents in the original cases (No. 99-76405 and 04-73653), back-dating the documents to the date they were originally filed. In its Order, the court also directed Reed to file a motion to renew the order regarding attorney fees:

> Once the clerk has moved the newly filed papers to the original cases, the Relator-Attorney may file a properly supported motion asking the court to renew its prior order regarding distribution of attorney fees.

On December 21, 2017, Reed filed a motion for renewal of order regarding distribution of attorney fees nunc pro tunc to August 28, 2017. Essentially, Reed asks this court to renew its August 30, 2007 order and to have the renewed order be retroactive to the date Reed filed his complaint seeking the same relief, which is August 28, 2017.

In the intervening years since the court dismissed the underlying action, Reed has made numerous attempts to recover his attorney fees. On August 23, 2006, Reed filed a civil breach of contract action in probate court seeking unpaid attorney fees from the decedent's GAL and the personal representative of the decedent's estate. On February 7, 2007, the probate court on its own motion granted summary disposition in favor of the defendants. The basis of the ruling was that the request was untimely

and beyond the scope of the period allowed by statute.

On February 23, 2016, Reed filed a second action in probate court, this time to enforce his attorney's charging lien, asserting a balance of $192,000. This amount included $125,000 in litigation costs as awarded by the district court and $67,000 in appellate attorney fees. Reed maintained that the fees were secured by an attorney's charging lien as provided in his 1999 retainer agreement. The probate judge granted the Estate's motion for summary disposition, holding that Reed's 2006 action and his 2016 action requested the same relief for the same reasons. In a decision dated September 20, 2016, the court concluded that the second probate court action was barred by res judicata.

Reed appealed to the Michigan Court of Appeals, arguing that the probate court erred in finding that the doctrine of res judicata barred his 2016 action. On March 20, 2018, the Court of Appeals affirmed the decision of the probate court. *Reed v. Steele*, 2018 WL 1404122 (Mich. Ct. App. March 20, 2018).

Under Michigan law, the statute of limitations on the execution of a judgment is 10 years. MCL 600.5809(3). However, "[w]ithin the applicable period of limitations prescribed by this subsection, an action may be brought upon the judgment or decree for a new judgment or decree."

*Id.* Using this procedure, Reed seeks to avoid the expiration of the court's Order Regarding Distribution of Attorney Fees.

This case is almost twenty years old. The time spent litigating over attorney fees has now far surpassed the six years litigating the underlying legal issues. Reed seeks to renew the Order Regarding Distribution of Attorney Fees so he can continue his quest of filing lawsuits to collect costs and appellate attorney fees, the former of which have been sought and rejected in at least two lawsuits spanning the last twelve years and the latter of which is not even part of the order he seeks to renew. *See Parks v. Archer*, 493 F.3d 761 (2007) (full opinion released under seal). Although the process of renewing a judgment in Michigan is generally considered a ministerial task, this court sees no valid reason to renew the judgment in this instance where the relief sought has been denied twice by the probate court and the latest denial was just affirmed by the Michigan Court of Appeals. Renewing the Order Regarding Distribution of Attorney Fees would be futile in light of the prior court orders and would only result in further vexatious litigation and continued harassment of Ms. Parks' Estate. *See Iron Workers' Local 25 Pension Fund v. Detroit Door and Hardware Co.*, no. 09-CV-10568; 2010 WL 1150007, at *1 (E.D. Mich. Oct. 7, 2010) (Rosen, J.) (denying the plaintiffs' motion to reopen a case where

it "would amount to suing [the bankrupt defendant] individually 'through the back door' since they cannot continue their suit or collect [the] debt directly . . . ."). It is for this reason that the court denies Relator Reed's motion to renew order regarding distribution of fees.

At oral argument on the motion there was consensus among the participants that the court's record should be unsealed now that so much time has passed. However, the court is reluctant to do this without the agreement of all parties to the underlying action. Any party may file a motion to unseal the record after obtaining the concurrence of all of the parties, or explaining why such effort would be futile in any particular instance, and the court will enter an order unsealing the record at that time.

Now, therefore,

IT IS HEREBY ORDERED that Relator Gregory J. Reed and Associates' Motion to Renew Order Regarding Distribution of Attorney Fees is DENIED.

It is so ordered.

Dated: March 29, 2018

                                                    s/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 29, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk