UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA PARKS,

        Plaintiff,

vs.

        Case No. 99-CV-76405
        (Case No. 04-73653)
        HON. GEORGE CARAM STEEH

LAFACE RECORDS, et al.,

        Defendants.
_____/

## ORDER CLARIFYING RECORD UPON REMAND [ECF No. 306]

A panel of the Sixth Circuit Court of Appeals considered an appeal by Gregory J. Reed alleging that he did not receive payment of his litigation costs as mandated by the 2005 settlement agreement and by an August 2007 order from this court. Reed sought to renew the August 2007 order, which this court denied as futile. This matter is before this court on remand to "further develop the factual record on the matter of Reed's payment." ECF No. 306; Order p. 5. To that end, the parties conducted limited discovery and convened for a conference before the court on July 22, 2019.

The 2005 settlement agreement provided that Rosa Parks' guardian ad litem, Dennis Archer, and Archer's legal counsel, the Gary Firm, would

be responsible for determining the proper allocation of funds to Parks' various attorneys, including Reed. This court approved the recommended allocation and distribution, incorporating same in its order dated August 10, 2005. ECF No. 276. Gregory Reed was awarded $91,299.33 in fees and $125,000.00 in costs. On August 25, 2005, a check was issued by the Gary Firm, at the direction of Dennis Archer, to Gregory Reed in the amount of $216,299.33. (See cancelled check attached to this order). This amount represents the full award of fees and costs awarded to Reed as of that date ($91,299.33 + $125,000.00 = $216,299.33). Reed cashed the check on August 30, 2005. At this point he had been paid the full amount ordered by the court. In direct response to the Sixth Circuit's remand instructions, the evidence shows that Reed received his $125,000.00 in costs, as well as the $91,299.33 that had been awarded as attorney's fees, on August 30, 2005.

On September 12, 2005, Reed and three other attorneys who represented Parks appealed the court-approved distribution of attorney's fees. While the appeal was pending, Mrs. Parks died on October 25, 2005.

After Parks' death, and after cashing the check representing payment of his attorney's fees and costs, Reed presented a claim to the personal

representatives of Rosa Parks' estate seeking, in relevant part, to collect $236,818 in attorney's fees and costs generated by the federal lawsuit. *See Reed & Assoc., P.C. v. Steele*, No. 335939, 2018 WL 1404122, at *1 (Mich. Ct. App. Mar. 20, 2018) (unpublished) (reciting factual history). The estate disallowed the claim on June 19, 2006. The reason for the disallowance is not clear. On August 23, 2006, Reed filed a claim in probate court against the disallowance, seeking unpaid attorney fees and costs. *Id.* The probate court, on its own motion, granted summary disposition in favor of the personal representatives of the decedent's estate and dismissed the action. *Id.* The basis of the court's ruling was that the matter was untimely pursuant to Mich. Comp. Laws § 700.3806(1). *Reed v. Shakoor*, No. 2006–708950–CZ (Wayne Cty. Prob. Ct., Feb. 7, 2007) (unpublished).[1]

On July 11, 2007, the Sixth Circuit affirmed this court's allocation to Reed of $125,000.00 in litigation costs. The Sixth Circuit slightly modified the attorney's fees apportionment, determining that Reed was entitled to $98,195.33 in fees. *Parks v. Archer*, 493 F.3d 761 (6th Cir. 2007). This

---

[1] During this same time period, the probate court ordered that the co-personal representatives of the Estate of Rosa Parks take control of any monies belonging to the decedent in the possession of the Gary Firm. (See attached Probate Court Order dated August 22, 2006).

court issued an order on August 30, 2007 adopting the Sixth Circuit's modifications to the distribution of attorney's fees previously ordered. ECF No. 286. As a result, Reed was awarded an additional $6,896.00 in fees, over and above that which was already paid and received.

Following entry of the August 30, 2007 order, Reed filed another claim in Michigan probate court attempting to collect $223,195.33, representing $98,195.33 in attorney's fees and $125,000.00 in costs. The probate court dismissed the claim on *res judicata* grounds and the Michigan Court of Appeals affirmed. See *Reed & Assoc., P.C. v. Steele*, No. 335939, 2018 WL 1404122, at *1 (Mich. Ct. App. Mar. 20, 2018) (unpublished).

As described, over the last 14 years, Reed has made numerous attempts to collect his fees and costs arising from the litigation between Rosa Parks and LaFace Records. In fact, all the costs and all but $6,896.00 in fees were paid to Reed, without the requirement of any collection effort whatsoever, on August 25, 2005. No evidence has been uncovered by the parties appearing before this court showing that Reed was paid the additional $6,896.00 in fees that was ordered by the Sixth Circuit on July 11, 2007 and incorporated in this court's August 30, 2007 order. This is not surprising, however, since Mr. Archer and the Gary Firm

ceased to have any role following the death of Mrs. Parks. From that moment, the co-representatives of Parks' estate took over all duties related to the assets of the estate.

Following Mrs. Parks' death, all efforts to collect any remaining attorney's fees owing pursuant to a judgment of this court had to be taken in the probate court. The court finds that Reed has exhausted all available efforts. Therefore, the court stands by its finding that Reed's motion to renew judgment would be futile.

It is so ordered.

Dated: August 28, 2019

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 28, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk